## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>    Annette White,<br><br>                Debtor. | BKY 04-44012 RJK 13<br><br>NOTICE OF HEARING<br>AND MOTION FOR RELIEF<br>FROM THE AUTOMATIC STAY |

TO:  Parties in interest pursuant to LOCAL RULE 9013-3.

    1.  Kevin Stevensen ("Stevensen"), by and through his undersigned counsel, moves the court for the relief requested below and gives notice of hearing.

    2.  A hearing on this motion will be held before the Honorable **Robert J. Kressel**, Courtroom 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, at 2:00 p.m. on **December 16, 2004**, or as soon thereafter as counsel may be heard.

    3.  Any response to this motion must be filed and delivered not later than December 13, 2004, which is three days before the time set for hearing (excluding Saturdays, Sundays, and holidays), or filed and served by mail not later than December 7, 2004, which is seven days before the hearing date (excluding Saturdays, Sundays, and holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.  This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, FED. R. BANKR. P. 5005, and LOCAL RULE 1070-1.  The proceeding is a core proceeding.  The petition commencing this chapter 13 case was filed on July 20, 2004.  The case is now pending in this court.

    5.  This motion arises under 11 U.S.C. § 362 and FED. R. BANKR. P. 4001.  This motion is filed under FED. R. BANKR. P. 9014 and LOCAL RULES 9006-1 and 9013-1 to 9013-3.  Movant requests relief from the automatic stay.

6. The Debtor occupies leased premises at 4227 James Avenue N. in Minneapolis. Stevensen is the record owner of the premises, which are included in Lots 13, 14 & 15, Block 3, Berkeley Addition, Hennepin County, Minnesota.

7. Stevensen leased the premises to Eric Mahmoud under a Lease Agreement with Option to Purchase Real Estate dated January 22, 2004. Mahmoud apparently sub-leased the premises to the Debtor under a 36-month lease effective February 1, 2004.

8. Mahmoud is in default of his obligations to Stevensen under the applicable agreement. Stevensen wishes to terminate the lease with Mahmoud, recover possession of the premises, and re-market or re-lease the premises. However, Stevensen is prevented from pursuing an Unlawful Detainer action vis-à-vis the Debtor, the current occupant of the premises, due the automatic stay.

9. If testimony is necessary as to any facts relevant to this motion, Kevin Stevensen may be called to testify.

Wherefore, Stevensen moves the Court for an order terminating the automatic stay with respect to Stevensen's interest in the above-described real property, and for such other relief as may be just and equitable.

Dated: November 24, 2004                                           STEIN & MOORE, P.A.

                                                                   /e/  Eric J. Sherburne
                                                                   Eric J. Sherburne, #279389
                                                                   Attorneys for Movant
                                                                   332 Minnesota St., Ste. W-1650
                                                                   St. Paul, MN 55101
                                                                   651-224-9683
                                                                   651-223-5212 fax

---

## VERIFICATION

I, Kevin Stevensen, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: November 24, 2004

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | BKY 04-44012 RJK 13 |
| Annette White, | MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY |
| Debtor. | |

---

Kevin Stevensen ("Stevensen") submits the memorandum in support if his Motion for Relief from the Automatic Stay.

## ARGUMENT

Section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
>> (A) The debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362. The Bankruptcy Code provides an opportunity for relief from the automatic stay for cause, including lack of adequate protection. 11 U.S.C. § 362(d)(1) The Bankruptcy Code also provides an opportunity for relief from the automatic stay with respect to property in which a debtor has no equity and which is not necessary to the debtor's reorganization. 11 U.S.C. § 362(d)(2).

Pursuant to 11 U.S.C. § 362(g), the burden is on the Debtor to prove the absence of cause or the existence of adequate protection.

Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(1). There is no privity of contract between Stevensen and the Debtor, yet the Debtor is in possession of Stevensen's premises. Stevensen's interests are not adequately protected. The standards for adequate protection in the Eighth Circuit are set forth in *In Re Martin*, 761 F.2d 472 (8th Cir. 1985). Continued occupancy and use of the premises and the passage of time result in depreciation of value. Stevensen is not being compensated form and cannot protect himself against, this depreciation. Neither is Stevensen being compensated under the agreement with Mahmoud as payments continue to accrue under the applicable agreement.

The Debtor's default or delinquency under her sub-lease with Mahmoud is irrelevant. The relevant default is Mahmoud's default, and the related fact that Stevensen has not been offered nor received adequate protection of his interest in the premises. Such circumstances constitute cause justifying relief from the stay. *United Savings Assn. of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365 (1988).

WHEREFORE, Stevensen requests the relief set forth in the accompanying verified motion.


Dated: November 26, 2004                    STEIN & MOORE, P.A.

                                                  /e/   Eric J. Sherburne
                                          Eric J. Sherburne, #279389
                                          Attorneys for Movant
                                          332 Minnesota St., Ste. W-1650
                                          St. Paul, MN 55101
                                          651-224-9683
                                          651-223-5212 fax

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                BKY 04-44012 RJK 13

    Annette White,                         UNSWORN DECLARATION
                                                      FOR PROOF OF SERVICE

        Debtor.

---

The undersigned, an employee STEIN & MOORE, P.A., declares that on November 26, 2004, he served the following:

1. Notice of Hearing and Motion for Relief from the Automatic Stay;
2. Memorandum in Support of Motion for Relief from the Automatic Stay;
3. Proposed order, and
4. Unsworn Declaration for Proof of Service

on each of the entities named below, by U.S. mail (unless otherwise indicated) by mailing to each of them a copy thereof by enclosing the same in an envelope with first class postage prepaid and depositing the same in the post office at St. Paul, Minnesota, addressed to each of them as follows:

Annette White                                         Craig W. Andresen
4227 James Ave. N.                                    2001 Killebrew Dr., Ste. 330
Minneapolis, MN 55412                                 Bloomington, MN 55425

Jasmine Z. Keller, Trustee                            U.S. Trustee
310 Plymouth Bldg.                                    1015 U.S. Courthouse
12 S. Sixth St.                                       300 S. 4th Street
Minneapolis, MN 55402                                 Minneapolis, MN 55415

Eric Mahmoud
9416 Dogwood Ave. N.
Brooklyn Park, MN 55443

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 26, 2004                              /e/ Eric J. Sherburne

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY 04-44012 RJK 13 |
| Annette White, | ORDER FOR RELIEF FROM THE AUTOMATIC STAY |
| Debtor. | |

At Minneapolis, Minnesota this 16th day of December, 2004.

This matter came before the Court on a motion by Kevin Stevensen for an order for relief from the automatic stay. Appearances, if any, were noted on the record. Based on the motion, file, records, and proceedings herein,

IT IS ORDERED:

1. Kevin Stevensen is granted relief from the automatic stay of 11 U.S.C. § 362 with respect to real property described as follows:

    **Lots 13, 14 & 15, Block 3, Berkeley Addition, Hennepin County, Minnesota**

    including any leasehold interest therein.

2. Notwithstanding FED. R. BANKR. P. 4001(a)(3), this Order is effective immediately.

_____
Honorable Robert J. Kressel
United States Bankruptcy Judge